IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TIMBER RIDGE ESCAPES, LLC,** | ) | |
| **ET AL.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:17-cv-03169-MDH** |
| | ) | |
| **QUALITY STRUCTURES OF** | ) | |
| **ARKANSAS, LLC, ET AL.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant and Counterclaim-Plaintiff Quality Structures of Arkansas,

LLC's ("Quality Structures") Motion for Attorney Fees. (Doc. 270). Plaintiff Timber Ridge

Escapes, LLC has filed its suggestions in opposition to the motion and the matter is now ripe for

review.

## BACKGROUND

On March 2, 2020, the Court entered Judgment in favor of Quality Structures ("Judgment")

(Doc. 268). The Judgment directed Quality Structures to submit a precise dollar request under

Missouri's Prompt Pay Act, MO. REV. STAT. § 431.180.2 ("PPA"). Quality Structures submitted

that the precise amount for the attorneys' fees reasonably incurred in connection with this matter

is the sum of $404,958.50.

## STANDARD

Any attorneys' fee the Court awards must be reasonable. "The most useful starting point

for determining the amount of a reasonable fee is the number of hours reasonably expended on the

litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34,

1

103 S. Ct. 1933, 1939–40, 76 L. Ed. 2d 40 (1983).  The "lodestar" method of determining a fee award "focuses on 'the significance of the overall relief obtained by the plaintiff in relation to the hours actually expended on the litigation.'"  *Jensen v. Clarke*, 94 F.3d 1191, 1203 (8th Cir. 1996) (internal citation omitted).  In addition, when determining hourly rates, "courts may draw on their own experience and knowledge of prevailing market rates."  *Warnock v. Archer,* 397 F.3d 1024, 1027 (8th Cir. 2005) (internal citation omitted).

The Eighth Circuit has stated that the following factors should be used in setting the reasonable number of hours and reasonable hour rate components of the fee award formula:  (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *McDonald v. Armontrout,* 860 F.2d 1456, 1459 (8th Cir. 1988) (internal citations omitted).

## DISCUSSION

Using a "lodestar" analysis, reasonable attorneys' fees can be calculated by multiplying a reasonable number of hours expended on a matter by a reasonable hourly rate charged. This Court has reviewed the billing records submitted by the three law firms who worked on this case for Quality Structures and finds the total of 1,624.75 billable hours reasonable in this case. Quality Structures submits amounts based on attorneys' hourly rates of $250, $200, and $265; and one

paralegal's hourly fee of $130.00. The Court, drawing on its own experience and knowledge of prevailing rates for attorneys' fees in the community, finds that the hourly rates are reasonable.

In Missouri, attorneys' fees are permitted only by contract or statute, including the PPA. *Weitz Co. v. MH Washington*, 631 F.3d 510, 529 (8th Cir. 2011). The parties' contract at issue does not allow for an award of attorneys' fees. Under the PPA, however, the court may award a prevailing party its reasonable attorneys' fees in cases involving private construction contracts where the non-prevailing party is found to have breached the contract by failing to make payments when due. MO. REV. STAT. § 431.180. *Weitz,* 631 F.3d at 530. The Judgment noted that Timber Ridge failed to make the following payments to Quality Ridge:

1. Pay Applications submitted prior to termination, in the sum of $958,773.07;

2. Pay Applications submitted after termination, in the sum of $1,252,480.43;

3. Pay Applications, reformed, in the sum of $779,053.06; and

4. Payments for changes in the work authorized in writing, in the sum of $1,871,103.99, including $448,973.23 submitted prior to termination.

In total, the Court found for Quality Structures in the amount of $4,861,410.55 due under the contracts at issue in this case.

Since the basis for awarding attorneys' fees here is the PPA, the Court must determine which claims fall under the statute. "When an award of attorneys' fees is authorized for one particular claim among many, a [court] must segregate the claims, despite the difficulty segregation may present." *W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 23 (Mo. 2012). Actions under the PPA are available only if a person or entity fails to make payments for "scheduled payments pursuant to the terms of the contract." MO. REV. STAT. § 431.180. This Court finds that segregation of claims is appropriate in this case, and thus finds that the attorneys' fees

recoverable by Quality Structures must be limited to amounts subject to the PPA. As a result, the Court finds that attorneys' fees in this case are limited to those stemming only from Timber Ridge's failure to pay Pay Applications submitted prior to termination ($958,773.07), and failure to pay change work orders prior to termination ($448,973.23).

On each of the other amounts awarded, the Court finds that reasonable and bona fide disputes existed between the parties which made it reasonable for Timber Ridge to dispute and contest until final adjudication. This is at least in part due to poor recordkeeping on the part of Quality Structures. Furthermore, the Court notes that Quality Structures did not prevail on all its claims, and a portion of the attorneys' fees incurred are appropriately related to those unsuccessful claims. Thus, Quality Structure's damages stemming from Pay Applications and work change orders submitted prior to termination are viewed in proportion to the total damages owed to Quality Structures under the contracts at issue in this case. Based on the analysis set forth herein, the Court finds it appropriate to award attorneys' fees in the amount of 25% of the requested amount, adhering to the damages awarded under the contract that the Court finds implicate the PPA. The Court awards **$101,239.62.** In addition, Quality Structures also submits **$35,490.46** in costs, which the Court grants.

## CONCLUSION

For the reasons set forth herein, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Attorneys' Fees and Expenses. The Court hereby **ORDERS** that Plaintiffs shall be awarded attorneys' fees in the amount of $101,239.62 and expenses in the amount of $35,490.46.

**IT IS SO ORDERED.**

Date: August, 13, 2020

                                        */s/ Douglas Harpool*
                                        **DOUGLAS HARPOOL**
                                        **United States District Judge**