# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **TIMBER RIDGE ESCAPES, LLC,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:17-cv-03169-MDH |
| **QUALITY STRUCTURES OF ARKANSAS, LLC,** | ) |
| Defendant, | ) |
| v. | ) |
| **WELK RESORT GROUP, INC.** | ) |
| Counterclaim-Defendant. | ) |

## ORDER

Before the Court is Plaintiff Timber Ridge Escapes, LLC's, ("TRE") Motion for Order Showing Satisfaction of Judgment. (Doc. 333) and Defendant Quality Structures of Arkansas, LLC's, ("Quality Structures") Motion to Enforce Supersedeas Bond. (Doc. 335). TRE's Motion for Order Showing Satisfaction of Judgment is **DENIED** and Quality Structures' Motion is **GRANTED**.

## BACKGROUND

The Court entered judgment in the above-captioned case on March 2, 2020 (the "Judgment"). (Doc. 268). It amended portions of the Judgment on July 3, 2020. (Doc. 302). The Court of Appeals affirmed all parts of the amended Judgment except for amounts awarded based on one change order request. That amount was resolved by the parties through an offer of judgment extended by TRE and accepted by Quality Structures. (Doc. 229). The Court entered an order for that amount on September 14, 2021, and the clerk entered final judgment on September 15, 2021.

1

(Docs. 330-31). TRE paid Quality Structures $5,938,411.79 in alleged satisfaction of the total amount owed on September 15, 2021. TRE admits this payment does not include the disputed amount of $73,446.80 pre-judgment interest on two pay applications, Pay Application 15 for Building 9 and 14 for Building 8.

There is no dispute that the Satisfaction Payment consists of the principal amount awarded in the Judgment, the amount for the remanded change order request, awarded fees and costs, and pre- and post-judgment interest. Lastly, there is also no dispute that TRE has paid Quality Structures pre-judgment interest at the rate of 10% on Payment Applications 14 for Building 8 and 15 for Building 9 (the "Relevant Payment Applications") for the period of February 28, 2018 through March 2, 2020 (date of the Judgment). The only dispute is Quality Structures' entitlement to interest between the periods of: (1) January 31, 2017, and February 28, 2018 for Payment Application 15 for Building 9; and (2) March 2, 2017, and February 28, 2018 for Payment Application 14 for Building 8. The relevant paragraph reads:

> The Court finds that Quality Structures is entitled to pre-judgment interest on Pay Applications 14 for Building 8 and 15 for Building 9 in the amount of 10% per annum from 30 days after the approval of those pay applications. In the case of Pay Application 14 for Building 9, which was submitted in November of 2016, withdrawn, and later resubmitted on December 10, 2016, and certified by Jeff Edwards, on January 30, 2017. Interest shall accrue from February 28, 2018.

(Doc. 268 at 54-55).

## **MOTION FOR ORDER SHOWING SATISFACTION OF JUDGMENT**

TRE states that it applied the plain language of the Judgment and began calculating pre-judgment interest on the Relevant Payment Applications on February 28, 2018, because the plain language of the Judgment states: "Interest shall accrue from February 28, 2018." (Doc. 268 at 55). The Court found pre-judgment interest at the rate of 10% per annum "reflects the intention of the

2

parties with regard to late payments" and "reasonably compensates Quality Structures for loss of use of funds found due under this Judgment" (Doc. 268 at 54).

The Court also found that TRE materially breached the contract by failing to approve Pay Application 15 for Building 9 for payment "as it was obligated to do by December 31, 2016" (Doc. 268, ¶25). The Court similarly found TRE materially breached the contract by failing to approve Pay Application 14 for Building 8 for payment "as it was obligated to do by January 31, 2017" (Doc. 268, ¶23). These material breaches occurred prior to termination on February 6, 2017. Based on these findings, the Court awarded "pre-judgment interest on Pay Applications 14 for Building 8 and 15 for Building 9 in the amount of 10% per annum from 30 days after the approval of those pay applications." (Doc. 268 at 54).

When these findings and conclusions are read together, the Court clearly intended to award pre-judgment interest at 10% on both pay applications from 30 days after TRE's breach in failing to approve and pay them—notwithstanding its use of the phrase "30 days after the approval" instead of "30 days after the breach." TRE argues that the Court's use of the phrase "30 days after the approval of those pay applications" is ineffective to trigger the accrual of interest because it never approved the pay applications. Such an interpretation would render express provisions of the Judgment meaningless.

The February 28, 2018, date relied on by TRE applies only to Pay Application 14 for Building 9, which is not at issue here. (Doc. 268 at 54-55). When the Judgment is read in its entirety, the Court clearly intended for interest to begin to accrue 30 days after TRE's breach in failing to approve and pay the payment applications. Therefore, in order to fully satisfy the Judgment, TRE must pay the additional sum of $73,446.80, plus interest at a rate of 10% per annum from September 15, 2021, until paid in full.

3

## MOTION TO ENFORCE SUPERSEDEAS BOND

TRE filed a supersedeas bond in the approximate sum of $6.75 million as security for the Judgment (the "Bond") (Doc. 285-1). Pursuant to its terms, Philadelphia Indemnity Insurance Company agreed to "be held and firmly bound unto Defendant Quality Structures" and "if the judgment is affirmed *** shall satisfy in full…."

Accordingly, Philadelphia Indemnity Insurance Company is liable for all unpaid amounts due under the Judgment. Rule 65.1 provides that a "surety's liability may be enforced on motion without an independent action." The Rule further provides that each surety submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the bond." In addition, the "motion [to enforce the bond] and any notice that the court orders may be served on the court clerk, who must promptly mail a copy of each to every surety whose address is known."

## CONCLUSION

Accordingly, TRE's Motion for Order Showing Satisfaction of Judgment (Doc. 333) is **DENIED** while Quality Structures' Motion to Enforce Supersedeas Bond (Doc. 335) is **GRANTED**. It is **ORDERED** that Philadelphia Indemnity Insurance Company pay the additional sum of $73,446.80, plus interest at a rate of 10% per annum from September 15, 2021, until paid in full.

**IT IS SO ORDERED.**

Dated: November 2, 2021                    /s/ Douglas Harpool
                                           **DOUGLAS HARPOOL**
                                           **United States District Judge**